UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :        Chapter 13

NAJMADEEN A. JOHNSON
SHANITA A. JOHNSON                                 :

        Debtors                    :        Bankruptcy No. 05-11314F

................................................

MEMORANDUM

................................................

The above-captioned debtors are seeking approval of their amended chapter 13 plan over the objection of the standing chapter 13 trustee. A confirmation hearing was scheduled, and the debtors (who were present only through counsel) offered solely documentary evidence in support of confirmation.[1] The trustee offered no evidence.

The limited evidence provided at the hearing is as follows.

The debtors filed a voluntary petition under chapter 13 on February 2, 2005. Their amended plan of reorganization, dated May 21, 2005, proposes to pay to the trustee $132 per month for 60 months, for a total payment of $7,920. Ex. D-1. Of this sum, $1,150 is to be distributed to debtors' counsel as an administrative expense under section 330(a)(4)(B); $5,053.33 is to be paid to secured creditor Chase Home Finance to cure a prepetition mortgage arrearage pursuant to section 1322(b)(5); $616.46 is to be paid to

---

[1] The trustee sought to postpone the hearing but debtors' counsel insisted upon proceeding.

Fairlane Financial (SST) to cure a prepetition secured automobile loan delinquency[2]; and $300 is to be paid to the City of Philadelphia for prepetition water and sewer charges.[3] These four distributions equal $7,119.79.  Id.

The debtors' proposed amended plan also provides for payment of the trustee statutory commission, pursuant to 28 U.S.C. § 586(e), which now approximates 8%.  As a result, the debtors concede that there would be only a nominal distribution to general unsecured creditors under their reorganization plan.[4]  Debtors' Memorandum, at 1.

The debtors also offered in evidence (without objection from the trustee) a copy of Mrs. Johnson's pay voucher, dated May 6, 2005.  Ex. D-5.  This document disclosed that the wife/debtor earned $706.16 weekly, from which $144.20 was deducted to pay taxing authorities, $50.86 was deducted for various health and dental plans, and $42.00 was deducted for payment to a credit union.  The credit union deduction aggregated $747.54 for calendar year 2005.  Id.  This pay stub also shows that there had been prior deductions paid to PHEAA (viz. The Pennsylvania Higher Education

---

[2]Fairlane Financial had filed an objection to confirmation, which objection was withdrawn prior to the hearing.  Presumably, it has no opposition to its treatment under the proposed plan.

[3]The amounts to be paid to Fairlane and Chase are consistent with the arrearage amounts asserted respectively by those creditors in their proofs of claim.  Exs. D-2, D-3.  However, the secured proof of claim filed by the City of Philadelphia lists the prepetition amount due as $463.73.  Ex. D-4.

[4]I calculate that unsecured creditors would divide, pro rata, only about $180 if the City of Philadelphia were owed $300.  If the City were owed the amount asserted in its proof of claim, then there would be virtually no funds allocated for distribution to unsecured creditors.

Assistance Agency) totaling $437.28 during 2005, but there was no deduction made on May 6th. Id.

The Bankruptcy Code identifies the requirements for approval of a a chapter 13 plan. Certain requirements are set forth in section 1322:

> (a) The plan shall—
>
> (1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;
>
> (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and
>
> (3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

11 U.S.C. § 1322(a). The trustee does not suggest in this dispute that the debtors' proposed amended plan does not comply with any element of section 1322(a) and I shall assume this is correct.

In addition, however, section 1325 provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
>
> (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law;
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be

3

paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan–

    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

    (C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--

    (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

    (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended--

    (A) for the maintenance or support of the debtor or a dependent of the debtor, including charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to a qualified religious or charitable entity or organization (as that term is defined in

>       section 548(d)(4)) in an amount not to exceed
>       15 percent of the gross income of the debtor for
>       the year in which the contributions are made;
>       and
>
>       (B) if the debtor is engaged in business, for the
>       payment of expenditures necessary for the
>       continuation, preservation, and operation of
>       such business.
>
>   (c) After confirmation of a plan, the court may order any
>   entity from whom the debtor receives income to pay all or any
>   part of such income to the trustee.

11 U.S.C. § 1325.

Section 1325(a)(4)'s provision is referred to as the "best interest of creditors test." In essence, a chapter 13 plan must provide unsecured creditors with a dividend at least equal to what those creditors would receive in a chapter 7 liquidation. See generally In re Solomon, 67 F.3d 1128, 1132 (4th Cir. 1995); In re Nevins, 2005 WL 984182, at *4 (Bankr. E.D. Pa. 2005). The provisions of 1325(b) are referred to as the "disposable income test." In general, when chapter 13 debtors propose a reorganization plan that does not call for payment in full to their unsecured creditors—as occurs in this case—their plan may not be confirmed over the objection of an unsecured creditor or the chapter 13 trustee unless the debtors' proposed plan calls for payment of their "disposable income" for a three year period. See, e.g., In re Freeman, 86 F.3d 478 (6th Cir. 1996); In re Solomon, 67 F.3d 1128 (4th Cir. 1995).

The debtors have the ultimate burden of persuasion that their proposed chapter 13 plan meets the statutory requirements for confirmation. See, e.g., In re Hill, 268 B.R. 548, 552 (B.A.P. 9th Cir. 2001) ("The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation."); In re Norwood, 178 B.R.

683, 687 (Bankr. E.D. Pa. 1995). While this burden is lessened when the chapter 13 trustee recommends confirmation, see In re Hines, 723 F.2d 333 (3rd Cir. 1983), the trustee has made no such recommendation in this instance. Where an objection to confirmation is raised under section 1325(b), the initial burden of production falls on the objecting trustee or unsecured creditor to show that the debtors are not applying all of their disposable income to the plan for three years. See, e.g., In re Andreacchio, 2004 WL 2495409, at *2 (Bankr. E.D. Pa. 2004); In re McGilberry, 298 B.R. 258, 260 (Bankr. M.D. Pa. 2003). If that initial burden is satisfied, then the debtors bear the burden of persuasion on the question of disposable income. Id.; see also In re Heath, 182 B.R. 557, 561 (B.A.P. 9th Cir. 1995) (objector has an initial burden of production before the debtor has the ultimate burden of persuasion).

In this contested matter, the chapter 13 trustee raises two objections. First, he argues that the debtors have not demonstrated compliance with the provisions of section 1325(a)(4), because the trustee believes that there may be non-exempt equity in their home, which equity would be available to unsecured creditors in a chapter 7 liquidation. Second, the trustee argues that the wife/debtor's $40 per week credit union deduction demonstrates that they are not devoting all of their disposable income to their plan.[5]

---

[5] The trustee filed a motion to dismiss this case that was to be heard at the same time as confirmation, but the trustee elected not to press his motion. I note, however, that the motion to dismiss did raise, inter alia, that the debtors's plan did not comply with section 1325(b) in that they have "failed to cease voluntary pension contributions and/or loan payments." Therefore, the debtors should have been on notice that the trustee was challenging their compliance with the disposable income test.

6

Resolution of these objections is hampered by the paucity of evidence. There was absolutely no evidence regarding the value of the debtors' home.[6] And there was no evidence to explain the purpose for the weekly deduction in favor of the credit union. To the extent Mrs. Johnson was paying funds weekly into a credit union savings account—and I note that the pay stub, Ex. D-5, contains a handwritten note adjacent to the credit union deduction: "deposit into savings account"—such funds might well be considered part of her disposable income. See In re Ward, 129 B.R. 664, 668 (Bankr. W.D. Okl. 1991); see also In re Rothman, 204 B.R. 143, 158 (Bankr. E.D. Pa. 1996).

In the absence of testimony from the debtors, and given the allocation of the evidentiary burdens upon the debtors to support confirmation, I cannot conclude on this evidentiary record that they have done so. Accordingly, I am constrained to deny confirmation of the debtors' amended plan. See generally In re Hagel, 171 B.R. 686, 689 (Bankr. D. Mont. 1994); see also In re Vincent, 1994 WL 900544, at *1 (Bankr. E.D. Va. 1994) ("Debtor failed to attend the hearing; accordingly, this court denied confirmation, primarily on the basis that the plan's feasibility was questionable and that debtor was not available to testify as to its feasibility.").

An appropriate order shall be entered.

---

[6] I cannot take judicial notice of the value the debtors' placed on this real estate in their bankruptcy schedules, because the trustee has had no opportunity to cross-examine and determine the basis for this valuation. In re Aughenbaugh, 125 F.2d 887, 889 (3d Cir. 1942) (court cannot consider documents not entered into evidence, as would deny opponent opportunity to offer evidence in rebuttal); see In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205 (3d Cir. 1995) (documents included in appeal record that were not entered into evidence in court below are still available to judge where "documents not being used to determine disputed facts relating to the merits of the case"); see also In re Edwards, 228 B.R. 552, 569 (Bankr. E.D. Pa. 1998) (rejecting debtor's purported evidence of value of property—statements in earlier pleadings—where neither debtor nor his attorney testified in instant contested matter).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                  :        Chapter 13

NAJMADEEN A. JOHNSON
SHANITA A. JOHNSON                      :

       Debtors                           :        Bankruptcy No. 05-11314F

..................................................

ORDER

..................................................

AND NOW, this 23rd day of August 2005, for the reasons stated in the accompanying memorandum, it is hereby ordered the confirmation of the debtors' proposed chapter 13 plan, dated May 21, 2005, is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Najmadeen A. Johnson
Mrs. Shanita A. Johnson
1435 N. 75th St.
Philadelphia, PA 19151

James D. Moran, Esq.
Land Title Building
100 S. Broad St
Suite 1430
Philadelphia, PA 19110

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106